IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GRADY,

     Plaintiff,               No. CIV S-10-1206 KJM P

   vs.

GARY SWARTHOUT, et al.,        <u>ORDER AND</u>

     Defendants.       <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in

2  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.

5  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

6  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

7  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8    In addition, a court may deny leave to proceed in forma pauperis if it appears

9  from the face of the proposed complaint that the action is frivolous.  Minetti v. Port of Seattle,

10  152 F.3d 1113 (9th Cir. 1998).  In determining whether an action is frivolous, the court may

11  "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

12  contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

13    Plaintiff alleges that defendant Kielmeier broke open his typewriter in order to

14  find contraband inside even though plaintiff asked Kielmeier to follow CDCR policy and send

15  the typewriter home.  He also alleges that defendant Swarthout, the warden, failed to supervise

16  defendant Kielmeier.  He alleges that these acts and omissions have violated his Eighth

17  Amendment right to be free of cruel and unusual punishment.

18    Neither the negligent nor intentional deprivation of property states a due process

19  claim under § 1983 if the deprivation was random and unauthorized.  See Parratt v. Taylor, 451

20  U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part

21  on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31(1986); Hudson v. Palmer, 468 U.S.

22  517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate

23  state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides

24  sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990).  California

25  law provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813,

26  /////

816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Plaintiff's complaint fails to state a cognizable claim under the civil rights act ;  the deficiency cannot be cured by amendment.

IT IS THEREFORE ORDERED that:

1.  The motion to proceed in forma pauperis (docket no. 2) is denied; and

2.  The Clerk of the Court assign this case to a district judge.

IT IS HEREBY RECOMMENDED that this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 2, 2010.

_____
U.S. MAGISTRATE JUDGE

2
grad1206.57(5-17)

3